UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Fouke Company, | No. 2:78-cv-00398-PCW |
| Plaintiff, | |
| v. | |
| Edmund G. Brown, | |
| Defendant, | |
| _____/ | |
| April in Paris, et al., | No. 2:19-cv-02471-KJM-CKD |
| Plaintiffs, | |
| v. | ORDER AND RELATED CASE |
| Rob Bonta, et al., | ORDER |
| Defendants. | |
| _____/ | |

In a previous order, this court granted summary judgment to the plaintiffs in this consolidated action. *See* Prev. Order (Mar. 7, 2023), ECF No. 78. In short, the court held that the federal Endangered Species Act partially preempts sections 653o and 653r of the California Penal Code insofar as those sections apply to certain alligator and crocodile products. *See id.* at 18–24. The Endangered Species Act expressly voids any state laws and regulations that effectively prohibit what federal laws and regulations permit, *see* 16 U.S.C. § 1535(f), and federal

1

regulations permit some of the same trade prohibited by sections 653o and 653r, *see* 50 C.F.R. § 17.42. The court also determined in its previous order that a 1979 permanent injunction against the same two sections remains in force. *See* Prev. Order at 10–18 (citing *Fouke Co. v. Brown*, 463 F. Supp. 1142 (E.D. Cal. 1979)). That injunction rests on a similar analysis of the same federal preemption, but only with respect to alligator products, not crocodile products, which are also at issue in this case. *See id.*

At the conclusion of its previous order, the court directed the parties to propose a final resolution of this matter. *Id.* at 24. Plaintiffs now propose a permanent injunction. Prop. Inj., ECF No. 81. Defendants object to the proposed injunction in part, and plaintiffs have responded to those objections. *See* Min. Order, ECF No. 80; State Defs.' Objs., ECF No. 82; Intervenor Defs.' Objs., ECF No. 83; Resp., ECF No. 84. The parties raise five disputes.

First, defendants argue the proposed injunction would wrongly bar California from prohibiting purely local trade. State Defs.' Objs. at 2–3; Intervenor Defs.' Objs. at 2–3. They underscore that the Endangered Species Act preempts only state laws and regulations that "appl[y] with respect to the importation or exportation of, or interstate or foreign commerce in, endangered species or threatened species," 16 U.S.C. § 1535(f). The court agrees the California law is preempted only insofar as it meets that statutory criterion. The injunction must be limited in the same way.

That said, the plaintiffs are correct to note that federal appellate courts have defined "interstate and foreign commerce" broadly. *See* Resp. at 4. The Supreme Court has decided the Commerce Clause has a similarly broad reach: for example, one person's local cultivation of a small amount of marijuana—cultivation solely for personal consumption within one state—was within Congress's power to regulate under the Commerce Clause. *See Gonzales v. Raich*, 545 U.S. 1, 6–7, 15–22 (2005). For that reason, there may be very little trade in alligator and crocodile products that is not conducted in interstate or foreign commerce, and therefore very little, if anything at all, that California may prohibit under sections 653o and 653r, at least when it comes to alligator and crocodile products. But the court need not interpret the scope of the Commerce Clause in this action and so does not decide exhaustively what is permitted and

2

prohibited. *Cf. PDK Lab'ys Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in judgment) ("[I]f it is not necessary to decide more, it is necessary not to decide more . . . ."). The court therefore sustains defendants' objection without deciding whether any particular enforcement action is preempted or any particular conduct is beyond Congress's authority to regulate.

Second, defendants contend the proposed injunction is overbroad in a different way. As proposed, the injunction would bar enforcement of sections 653o and 653r except against conduct that violates the Endangered Species Act or related regulations. *See* Prop. Inj. at 2–3. The defendants argue the injunction should instead bar California from enforcing sections 653o and 653r against conduct the Endangered Species Act or related regulations affirmatively authorize. *See* State Defs.' Objs. at 3; Intervenor Defs.' Objs. at 3–4. The parties' competing proposals differ most clearly when no federal laws or regulations apply. Under the plaintiffs' proposal, California could not prohibit conduct when federal laws and regulations say nothing about that conduct; under the defendants' proposal, California could prohibit that conduct. The defendants' interpretation is the better reading. It tracks the language of the federal preemption, which voids state laws and regulations that "prohibit what is authorized" by federal laws and regulations. 16 U.S.C. § 1535(f).

Although the defendants' proposal overall is superior, the plaintiffs' proposal tracks the 1979 permanent injunction issued in *Fouke*, which remains in force. *See* Resp. at 7 (citing 463 F. Supp. at 1145); *see also* Prev. Order at 10–18 (determining *Fouke* injunction remains in force). For that reason, if the *Fouke* injunction is not modified, defendants would be subject to inconsistent injunctions, as the *Fouke* injunction applies to alligator products only. In addition, in *Fouke*, the court did not appear to consider whether the injunction it entered could be overbroad when federal laws and regulations do not address conduct that California law prohibits. To this limited extent, the *Fouke* injunction also appears to be inconsistent with the Ninth Circuit's intervening decision in *Man Hing Ivory & Imports, Inc. v. Deukmejian*, 702 F.2d 760 (9th Cir. 1983). As this court observed in its previous order, for example, if an animal is not "endangered" or "threatened" under federal law, then California could ban trade in that animal outright. *See*

3

1   Prev. Order at 23–24 (citing *Man Hing*, 702 F.2d at 765 n.4).  This court has "broad" and
2   "flexible" power to modify the terms of the injunction in *Fouke*.  *Brown v. Plata*, 563 U.S. 493,
3   542 (2011) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 706 F.2d 956, 967
4   (2d Cir. 1983)).  For these reasons, the court will modify the terms of the *Fouke* injunction.  *See*
5   *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (per curiam) (holding injunction may be
6   modified to account for changes in law or facts, if doing so is appropriate under legal standard
7   governing previously entered injunction); *see also eBay Inc. v. MercExchange, L.L.C.*,
8   547 U.S. 388, 391 (2006) (holding permanent injunction must not disserve public interest and
9   must balance hardships, among other requirements).

10         Third, defendants argue the scope of the proposed injunction is wrongly defined using a
11  list of animals from an appendix in the Convention on International Trade in Endangered Species
12  of Wild Fauna Flora (CITES) rather than the preemptive federal regulations.  *See* State Defs.'
13  Objs. at 3; Intervenor Defs.' Objs. at 4–5.  The CITES list could include more animals than the
14  federal regulatory list, so it could be overbroad.  *See* Intervenor Defs.' Objs. at 5.  Plaintiffs do
15  not explain why the CITES list is the best list, and they do not dispute the defendants' claim that
16  the CITES list could be overbroad.  The court will define the scope of the injunction in terms of
17  the preemptive federal laws and regulations, not the treaty.

18         Fourth, the state defendants ask the court to avoid ambiguities in the identities of the
19  parties who are enjoined by referring to them in their official capacities.  *See* State Defs.' Objs.
20  at 3.  Plaintiffs do not oppose that request, but they ask the court to expressly enjoin those who
21  are "under supervision" of the Attorney General under the state constitution, such as local district
22  attorneys and sheriffs.  *See* Resp. at 7 (citing Cal. Const. Art. V, § 13).  The court will avoid the
23  ambiguities identified in the state defendants' objections and will enjoin those under the Attorney
24  General's supervision, as plaintiffs request.

25         Finally, the intervenor defendants argue the proposed injunction is overbroad because it
26  would prohibit California from punishing mere possession.  *See* Intervenor Defs.' Objs. at 5–6.
27  The plaintiffs persuasively explain that possession must be covered by the injunction in part.  A

person cannot do what federal laws and regulations authorize without possessing the alligator and crocodile products in question. *See* Resp. at 8.

The court therefore orders as follows:

1. Under the Supremacy Clause of the United States Constitution (Article VI, Clause 2), California Penal Code Sections 653o and 653r are hereby declared unenforceable and unconstitutional as applied to the importation, possession or sale of American alligator bodies, parts, or products thereof, and of the bodies, parts or products of saltwater crocodiles and Nile crocodiles subject to 50 C.F.R. § 17.42.

2. California Defendants, in their official capacities as Attorney General of the State of California and Director of the California Department of Fish and Wildlife, their successors in office, their agents and employees acting within the scope of their official duties, and those under their supervision as defined in Article V, section 13 of the California Constitution, are hereby permanently enjoined from enforcing California Penal Code Sections 653o and 653r in connection with the importation, possession or sale of American alligator bodies, parts, or products thereof, and of the bodies, parts or products of saltwater crocodiles and Nile crocodiles subject to 50 C.F.R. § 17.42, to the extent the Endangered Species Act of 1973, as amended (16 U.S.C. Sections 1531–1543), or regulations promulgated by the Secretary of Interior of the United States implementing said Act, authorize the same importation, possession or sale.

3. The permanent injunction issued in *Fouke Co. v. Brown*, 463 F. Supp. 1142 (E.D. Cal. 1979) remains in force but is modified to the extent that injunction is inconsistent with this order.

4. On the court's own motion, and having examined *Fouke Co. v. Brown*, No. Civ. S-78-398-PCW, the court has determined that action is related to this action under the terms of Local Rule 123(a). "[B]oth actions involve similar questions of fact and law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort." Local Rule 123(a)(3). The parties should be aware that relating cases under Rule 123 causes the actions to be assigned to the same judge; it does not consolidate the actions. Under Rule 123, related cases are generally assigned to the judge and magistrate judge to whom

the first filed action was assigned.  In this instance, however, the judge who presided over the first-filed action is deceased, and no magistrate judge is assigned.  For these reasons, No. Civ. S-78-398-PCW is reassigned to the undersigned and to United States Magistrate Judge Carolyn K. Delaney, and any documents filed in the reassigned case must bear the case identifier 2:78-cv-00398-KJM-CKD.

     5.    **Within seven days**, plaintiffs shall file a proposed form of judgment implementing the terms of this order, to be filed in this related action and in *Fouke Co. v. Brown*, No 2:78-cv-00398-KJM-CKD.

    IT IS SO ORDERED.

DATED: June 28, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE